☒ FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 0 6 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

DENNIS K. BURKE
United States Attorney
District of Arizona

DOMINIC LANZA
Assistant U.S. Attorney
California State Bar No. 225989
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
dominic.lanza@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. 11-3184M-LOA |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| Arizona Trailer Manufacturing, Inc., | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, ARIZONA TRAILER MANUFACTURING, INC., hereby agree to dispose of this matter on the following terms and conditions:

**1.   PLEA**

The defendant will plead guilty to a Complaint charging a violation of Title 8, United States Code (U.S.C.), Sections 1324a(a)(2) and 1324a(f)(1), Pattern Or Practice Of Knowingly Continuing To Employ Unauthorized Aliens, a Class B misdemeanor offense.

**2.   MAXIMUM PENALTIES**

a.   A violation of 8 U.S.C. §§ 1324a(a)(2) and 1324a(f)(1) is punishable by a maximum fine of "$3,000 for each unauthorized alien with respect to whom such a violation occurs," a maximum term of imprisonment of 6 months, or both, and a term of supervised release of up to 1 year (or a maximum term of probation of 5 years).

b.   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)   make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in other cases not involving petty offenses); and

(4) pay upon conviction a $50 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. §§ 3013(a)(1)(B)(ii).

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3. **AGREEMENTS REGARDING SENTENCING**

a. <u>Stipulated Fine</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate and agree that the defendant shall be ordered to pay a fine of $15,000, to be paid in monthly increments of not less than $250. This fine shall be separate and independent from any fine imposed upon co-defendant Richard Taylor.

b. <u>Waiver of Presentence Investigation Report</u>. The United States and the defendant waive a presentence investigation report and agree that sentencing will occur on the day of the change of plea.

4. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. The United States Attorney's Office for the District of Arizona agrees that it will not prosecute the defendant for any additional offenses committed by the defendant, and known by the government, which are detailed in the factual basis of this agreement. Therefore, for example, the United States Attorney's Office for the District of Arizona will not prosecute the defendant under 18 U.S.C. §§ 1001 or 1546 for the conduct detailed in the factual basis of this agreement concerning the submission of knowingly false applications to the U.S. Department of Labor and to U.S. Citizenship and Immigration Services.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void as to the defendant, the United States shall be free to prosecute that defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the complaint, indictment, or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255. The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

7. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

8. **ELEMENTS**

**Pattern Or Practice Of Knowingly Continuing To Employ Unauthorized Aliens**

Beginning on or about July 1, 2007, and continuing through March 31, 2009, in the District of Arizona:

1. The Defendant employed one or more "unauthorized aliens," which are aliens who either (a) were not lawfully admitted for permanent residence to the United States or (b) were not authorized to be employed in the United States;

2. The Defendant knew, or came to know, the aliens were or had become "unauthorized aliens";

3. The Defendant continued to employ the aliens after knowing that they were, or had become, "unauthorized aliens"; and

4. The Defendant engaged in a "pattern or practice" of knowingly continuing to employ unauthorized aliens.

9. **FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

Arizona Trailer Manufacturing, Inc. ("Arizona Trailer") is a trailer manufacturer based in Buckeye, Arizona. Richard Taylor ("Taylor") is Arizona Trailer's founder and president.

No later than July 1, 2007, Arizona Trailer and Taylor came to learn that at least 10 of the company's employees were unauthorized aliens—specifically, Mexican citizens who had unlawfully entered the United States and/or were not authorized to work in the United States. Those 10 employees were Juan Duran-Gonzalez, Alexandro Napoles-Rodriguez, Luis Gonzalez-Chavoya, Jose Navarro-Hernandez, Ruben Garcia-Amezcua, Miguel Navarro-Hernandez, Juan Licon-Castillo, Rafael Martinez-Oros, Juan Gomez-Lopez, and Jorge Rendon-Encinas.

Upon learning these employees were unauthorized aliens, Arizona Trailer and Taylor did not terminate their employment. Instead, Arizona Trailer and Taylor chose to continue employing them. In fact, Arizona Trailer and Taylor later submitted applications to the U.S. Department of Labor and U.S. Citizenship & Immigration Services on behalf of all 10 employees seeking authorization to begin employing them. In most of these applications, Arizona Trailer and Taylor falsely certified that the unauthorized alien was not a current employee, was living in Mexico, and that authorization was appropriate because there were no qualified U.S. workers to fill the job vacancy.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised

5

release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

7-6-2011
Date

Arizona Trailer Manufacturing, Inc., by and through its president, Richard Taylor

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I

agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

July 6, 2011
Date

Criss Candelaria
Attorney for Defendant

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

7/6/11
Date

Dominic Lanza
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

7-6-11
Date

United States Magistrate Judge